IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>IRVIN FIGUEROA-BENITEZ, [2]<br><br>Defendant. | CRIMINAL NO. 99-196 (CCC) |

**REPORT AND RECOMMENDATION**

On March 16, 2007, the Probation Office filed a Motion Requesting for a Show Cause Hearing and Issuance of Summons against above defendant (Docket No. 215) which alleges that the defendant violated Special Condition No. 2, Standard Condition No. 7, and an additional Special Condition, of his term of supervised release.

Special Condition No. 2 provides that the defendant "shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month." The Motion alleges that the defendant failed to submit his February 2007 monthly supervision report.

Standard Condition No. 7 provides that the defendant "shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician." The Probation Office alleged its Motion that the defendant yielded positive to cocaine during drug tests on February 17, 2005, January 19, 2006, and January 10, 2007. The Motion further alleges that during the past year the offender failed to provide surprise urine samples on 19 occasions.

The additional Special Condition provides that "If any drug test samples detect substance abuse, the defendant shall participate in a substance abuse program arranged and approved by the

United States v. Irvin Figueroa Benitez,
Criminal No. 99-196 (CCC)
Report and Recommendation                                                                                       Page No. 2

probation [sic] until duly discharged by authorized program personnel with the approval of the U.S. Probation Officer." The Motion alleges that the offender's attendance at required out-patient substance abuse treatment has been sporadic and that he failed to report to counseling in September, November and December of 2006. The Motion further alleges that after January 2007 he was required to attend weekly sessions but did not attend after January 12, 2007.

By order entered March 27, 2007, the court referred to this magistrate judge the above described Motion for a preliminary hearing on probable cause to order revocation of supervised release and for a report and recommendation. (Docket No. 216).

A preliminary hearing was held on April 19, 2007, during which the defendant was represented by AFPD Hector Guzmán. Also present at the hearing were AUSA Scott Anderson and USPO Miriam Figueroa. At the hearing, USPO Figueroa withdrew the allegation that the defendant tested positive on February 17, 2005. Otherwise, all parties present indicated there was no contest to the allegations made by the Probation Office as to the claimed violations, for which probable cause was found by this Magistrate Judge.

Additionally, this Court admonished the defendant, whose term of supervision is set to expire in early June 2007, to comply with all terms and conditions of supervision prior to the final revocation hearing to be set by the presiding district judge.

Defendant's violations of supervised release conditions constitute Class C violations pursuant to U.S.S.G. 7B1.1(a)(3) that do not trigger the mandatory revocation provisions of U.S.S.G. 7B1.3(a) or 18 U.S.C. 3583(g).

Defendant is presently and shall remain under release, not subject to confinement, until the

United States v. Irvin Figueroa Benitez,
Criminal No. 99-196 (CCC)
Report and Recommendation                                                                                             Page No. 3

court disposes otherwise.[1]  As such, there is no need at this juncture to make additional findings, except for the scheduling of a full revocation hearing before the sentencing court.

The Clerk's Office is to refer this matter to the court for further action.

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 19th day of April, 2007.

                                        S/Bruce J. McGiverin
                                        BRUCE J. McGIVERIN
                                        United States Magistrate Judge

---

[1] There is no need to submit an additional report and recommendation under the governing rules for a defendant who is to remain under release conditions pending full revocation hearing as to his supervised relesee.  *See* United States v. Pelensky, 129 F.3d 63, 67 (2d Cir. 1997 ("[t]he nature of supervised release ... is virtually the same as the nature of probation.") ; United States v. Meeks, 25 F.3d 1117, 1121 (2d Cir.1994); *see also* Fed. R.Crim. P. 32.1 (establishing same procedure for revocation of both probation and supervised release); United States v. Weddleton, 143 F.R.D. 445 (D.C. Mass. 1992).